UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL CIMINO | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL COMPLAINT |
| PHILLIPS & COHEN ASSOCIATES, LTD. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Paul Cimino, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1. Plaintiff, Paul Cimino, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

.

### III.  PARTIES

4. Plaintiff, Paul Cimino, is an adult natural person residing at 42 Long Bow Drive, Sewell, NJ 08080.

5. Defendant, Phillips & Cohen Associates, Ltd. ("Defendant"), at all times relevant hereto, is and was a Firm engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 1002 Justison Street, Wilmington, DE 19801.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff began to receive collection calls from Defendant on or about June 9, 2009 with regard to an alleged consumer debt, namely an HSBC credit card, which is currently owned by Portfolio Asset Group.

8. Plaintiff had been released from all liability towards the alleged debt on or about July 24, 2008 in the settlement of an FDCPA lawsuit against another agency.

9. The alleged debt should never have been sold or purchased and is uncollectable by law.

10. Plaintiff clearly stated this to Defendant's agents on several occasions.

11. Plaintiff also gave Defendant's agents the name, phone number and address of his attorney, Brent F. Vullings, Esq who had handled the law suit and negotiated the release of the alleged debt.

12. Defendant's agents indicated that they did not believe Plaintiff and requested proof.

13. On or about June 15, 2009, Plaintiff sent a certified dispute letter to Defendant and enclosed a copy of the documents pertaining to the previous law suit, including but not limited to the Compromise & Settlement Agreement, which specifically stated that the Plaintiff had been released from the alleged debt. See a copy of the letter and certified receipt appended hereto and marked "**EXHIBIT A**".

14. Defendant's agents continued to contact Plaintiff via telephone with regard to the alleged debt even after receiving intrinsic evidence proving Plaintiff's claim.

15. Additionally, on or about July 21, 2009, Defendant sent Plaintiff a collection notice demanding payment of the alleged debt and informing Plaintiff that it was "not in his best interest to neglect the account". See a copy of the collection notice appended hereto and marked "**EXHIBIT B**".

16. In light of the foregoing paragraphs, 7-14, Defendant's behavior was blatant and intentional and for the purpose of coercing the Plaintiff to pay a debt which had been released and which Defendant was not permitted by law to collect.

17. Additionally, Defendant's continued communication with Plaintiff was prohibited because Defendant was informed that Plaintiff was represented by an attorney.

18. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(6), c(a)(1), c(a)(2), d, d(5), d(6), e, e(2), e(5), e(10), e(11), f, f(1) and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Phillips & Cohen Associates, Ltd., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**

                                      **WARREN & VULLINGS, LLP**

**Date:  September 3, 2009**        **BY:** */s/ Bruce K. Warren*
                                      **BY:** */s/ Brent F. Vullings*
                                        Bruce K. Warren, Esquire
                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff